# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN LAMONT CRAWFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:25-cv-00869-JLT-SAB<br><br>ORDER SCREENING COMPLAINT GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Dustin Lamont Crawford ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on July 16, 2025. Plaintiff's complaint is currently before the Court for screening.

**I.**

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United

States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt" (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)).). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability … 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Id. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff, a citizen of California, names the State of California as the sole defendant in

this action. (ECF No. 1.) Plaintiff states the basis for jurisdiction is diversity of citizenship jurisdiction but states the amount in controversy is "unknown." (Id. at 3, 5.) Under statement of the claim, Plaintiff states in whole: "Rap[e]. When [incarcerated] I were [*sic*] inserted by dedoor. Ran up [buttocks] while in prison and had personal part mess aro[u]nd with while [incarcerated] among other things going on there had blood [coming] out of penis etc. Rap[e]." (Id.) Under requested relief, Plaintiff states he is "filing for mental problem [he is] having among other stuff that is going on in my head can't sleep hear voices someone touching seeing stuff all [kinds] of damage going on inside my heads." (Id. at 6.)

## III.

## DISCUSSION

### A.    Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

As currently pled, it is unclear how Plaintiff was harmed or how any such harm is attributable to Defendant. Iqbal, 556 U.S. at 678. Plaintiff does not state any specific action that Defendant took relating to the alleged misconduct. For these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2). The Court will grant Plaintiff leave to file an

1  amended complaint to allow Plaintiff to provide additional factual details to the Court to state a
2  cognizable claim.  Should Plaintiff choose to amend his complaint, he must separate his causes of
3  action; state which Defendant he believes is liable for that cause of action; and identify concise
4  factual allegations that support both the legal standard for the cause of action and show that the
5  particular Defendant committed the violation asserted.

### B. State of California as a Defendant

The Eleventh Amendment to the United States Constitution sets out the principle of State sovereign immunity, and states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.; Martin v. Johnson, No. 2:20-cv-11342-FWS-SHK, 2022 WL 20273644, at *6–7 (C.D. Cal. Nov. 15, 2022). In other words, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Id.; see also Bausman v. Cal. Dep't of Corr. & Rehab., No. 1:14-cv-00900-DAD-EPG-PC, 2016 WL 2349147 at *2–3 (E.D. Cal. May 3, 2016) (quoting Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citing Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003) ("The Eleventh Amendment erects a general bar against federal lawsuits brought against a state.")  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. Bausman, 2016 WL 2349147 at *2 (quoting Wolfson, 616 F.3d at 1065-66).  Accordingly, any claims against the State of California are barred under the Eleventh Amendment.  The Court shall, however, grant Plaintiff leave to amend to allege claims against a proper defendant, should Plaintiff believe he can do so in good faith.

### C. Subject Matter Jurisdiction

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a short and plain statement of the grounds for the Court's jurisdiction.  Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Federal courts are presumptively without jurisdiction over civil actions,

and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction[1] and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Plaintiff indicates his claims arise under diversity of citizenship jurisdiction. District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

Plaintiff alleges the amount in controversy is "unknown," and thus fails to allege this action exceeds the $75,000 threshold requirement for diversity jurisdiction. (ECF No. 1 at 5.) Further, Plaintiff alleges that he is a citizen of California and indicates the sole Defendant *is* California. (ECF No. 1 at 4.) Upon amendment, Plaintiff may not bring a claim under diversity of citizenship jurisdiction without making some showing the amount in controversy exceeds $75,000 and that the Plaintiff and each named defendant are not citizens of the same state.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend the complaint to cure the above-identified deficiencies to the extent Plaintiff is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

---

[1] Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff's first amended complaint must be filed within thirty (30) days, and is subject to the twenty-five (25) page limit set forth above.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. **Within thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;
3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and
4. <u>If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to prosecute and failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: __July 24, 2025__

STANLEY A. BOONE
United States Magistrate Judge

6