# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN LAMONT CRAWFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-00869-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION<br><br>(ECF No. 7)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

　　　　Plaintiff Dustin Lamont Crawford, proceeding *pro se* and *in forma pauperis*, filed this action on July 16, 2025 against the State of California. (ECF No. 1.) On July 24, 2025, the Court screened Plaintiff's complaint, found Plaintiff failed to state a cognizable claim, and granted leave to amend. (ECF No. 4.) On August 5, 2025, Plaintiff filed a first amended complaint ("FAC") against the Fresno County Jail and California Department of Corrections and Rehabilitation. (ECF No. 5.) On August 6, 2025, the Court screened the FAC and found it failed to state a cognizable claim and granted leave to amend. (ECF No. 6.) On August 14, 2025, Plaintiff filed a second amended complaint ("SAC"), which is currently before the Court for screening. (ECF No. 7.)

/ / /

/ / /

1

# I.

## SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt" (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)).). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability … 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id.

(quoting Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  Id.  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.
## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the SAC as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

In the caption of SAC, Plaintiff names himself as the Defendant. (SAC 1.)  In the portion of the form complaint where Plaintiff is instructed to list each defendant's full name, official position, and place of employment, Plaintiff only writes "CO/Sheriffs."  (SAC 2.)  Plaintiff does not specify what cause of action he brings against any defendants.  Instead, in the portion of the form complaint where Plaintiff is instructed to include all facts he considers important to his unspecified cause of action, Plaintiff states, "[t]he Shireff's [*sic*] all of them."  (Id.)

In the portion of the form complaint requiring Plaintiff to provide information regarding the exhaustion of administrative remedies, Plaintiff indicates he has filed an appeal or grievance concerning the facts contained in his complaint and the appeal process has been completed. (SAC 2.)  In the portion of the form complaint that requests that Plaintiff briefly explain what happened at each administrative level, Plaintiff states, "[w]hen in prison oxgen [*sic*] over my face ran dilldos [*sic*] up my ass to the point I smells."  (Id.)  Plaintiff omits any request for relief.

## III.
## DISCUSSION

**A.     Federal Rule of Civil Procedure 8**

As stated in both prior screening orders, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The Court liberally construes the pro se Plaintiff's SAC as alleging claims against "all" Fresno County Sheriff correctional officers at the Fresno County Jail. (SAC 2-3.) The Court also liberally construes the content contained within the exhaustion of administrative remedies portion of the SAC as Plaintiff's statement of the claim. However, even with this liberal construction, it is unclear how the alleged misconduct is attributable to Doe "Sheriffs[,] all of them." Iqbal, 556 U.S. at 678. Plaintiff fails to specify whether the Doe "CO/Sheriffs" Defendants were perpetrators of the alleged misconduct or if someone else committed the alleged misconduct and the Doe "CO/Sheriffs" Defendants failed in some other duty related to the misconduct. The SAC does not contain sufficient factual matter to state a plausible claim. Accordingly, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2).

### B. Subject Matter Jurisdiction

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a short and plain statement of the grounds for the Court's jurisdiction. Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

4

As stated in prior screening orders, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

Plaintiff appears to indicate that his unspecified claim is brought under 42 U.S.C. § 1983 and thus arises under federal question jurisdiction. (SAC 1.) Plaintiff, however, fails to complete the portion of the form complaint that requests that Plaintiff state what civil right has been violated. (SAC 3); see Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (providing that a claim under section 1983 requires that Plaintiff show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.). Given the SAC fails to articulate even a short and plain statement of the claim against the unspecified number of Doe "CO/Sheriffs" Defendants, the Court cannot independently discern any violation of a civil right from the face of the SAC. Accordingly, as currently plead, it appears this Court lacks subject matter jurisdiction.

**C.     Leave to Amend**

Generally, Rule 15 of the Federal Rules of Civil Procedure advises courts that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). District courts are to consider the following factors in deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court finds that leave to amend would be futile in this matter. As stated above, the SAC does not comply with Rule 8 and fails to state any Section 1983 claim against an unspecified number of Doe "CO/Sheriffs" Defendants. Despite being afforded three opportunities to cure the deficiencies identified in the Court's previous screening orders, Plaintiff has not corrected them. Notably, the primary deficiencies previously identified are the same here: Plaintiff fails to provide sufficient factual details to state a claim to relief that is plausible on its face or establish that this Court has subject matter jurisdiction. (See ECF Nos. 4, 6.) Plaintiff's amended complaints have progressively provided *less* factual allegations and have become increasingly unintelligible. The Court finds Plaintiff's repeated inability to cure the prior identified deficiencies and file a complaint that states a cognizable claim shows further amendment would be futile. Accordingly, the Court recommends that this action be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, Plaintiff's second amended complaint fails to state a cognizable claim for relief. Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed without leave to amend.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court limited to 15 pages in length, including any exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge